July 8, 2015

83,580-01

Court of Criminal Appeals
Clerk of Court
P.O. Box 12308
Austin, TX 78711

This document contains some pages that are of poor quality at the time of imaging.

RE: Original Application For Writ of Mandamus
    District Clerk, Harris County, Non-compliance/T.C.C.P. 11.07

Dear Honorable Clerk of Court:

    Please find enclosed: (1) Original Application for Writ of Mandamus, and (2) Exhibits "A" through "E".

    Please forward the Mandamus with attached exhibits to the Court for consideration and ruling. Thank you for your kind assistance with this matter.

Respectfully Submitted,

Thomas E. McDonnel
TDCJ-ID #1562227
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, TX 77515

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 13 2015

Abel Acosta, Clerk

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

---

THOMAS E. McDONNEL
TDCJ-ID #1562227
RELATOR

v.

HARRIS COUNTY DISTRICT CLERK
CHRIS DANIEL
IN HIS OFFICIAL CAPACITY
RESPONDENT

---

CAUSE NO. 1131353-B

248th JUDICIAL COURT OF

HARRIS COUNTY, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 13 2015

Abel Acosta, Clerk

ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THOMAS E. McDONNEL, Relator, pro se in the above styled and numbered cause of action and files this Original Application for Writ of Mandamus, pursuant to Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure (T.C.C.P.), and would show the Court the following:

I.

Thomas E. McDonnel, TDCJ-ID #1562227, is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at the Wayne Scott Unit, Brazoria County, Texas 77515. Relator has exhausted his remedies and has no other adequate remedy at law.

-1-

The act sought to be compelled is ministerial, not discretionary in nature. T.C.C.P. Art. 11.07, §3(c) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there were no issues to be resolved. No copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made has been transmitted to the Court of Criminal Appeals by Respondent as required by statute. Relator would have received notice from the Court of Criminal Appeals had Respondent done so.

## II.

Respondent, Chris Daniel, in his official capacity as District Clerk of Harris County, Texas, has a ministerial duty to receive and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to T.C.C.P. Art. 2.21, and is responsible under T.C.C.P. Art. 11.07, §3(c) to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which the finding was made if the convicting court decides that there are no issues to be resolved. Chris Daniel, District Clerk, Harris County may be served at his place of business at 1201 Franklin St., Houston, Texas 77002.

## III.
### VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

The Respondent violated 11.07, §3(c) of the T.C.C.P. by failing to provide a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were required to be transmitted.

-2-

Requests for the transmittal of the application for writ of habeas corpus, and any answers filed, and a certificate reciting the date upon which that finding was made were made to Chris Daniels, District Clerk, Harris County, in the following ways: (1) in the form of a motion, "States Order to Comply", (Exhibit "A") submitted by Relator on January 10, 2012; (2) in the form of a motion, "To Compel Compliance" (Exhibit "B"), submitted by Relator on April 01, 2013; (3) in the form of a motion, "For a Live Plenary Evidentiary Hearing" (Exhibit "C"), submitted by Relator on October 09, 2014; (4) in the form of a motion, "To Have Previous Motions Ruled On" (Exhibit "D"); and in the form of a letter dated July 17, 2015 to Chris Daniels making one last request for his compliance with Art. 11.07, §3(c) and notifying him of Relator's intent to file this Mandamus if Relator does not receive notice that the Court of Criminal Appeals has received a copy of the application for writ of habeas corpus, any answers filed, a certificate reciting the date upon which that finding was made, and any attachments filed with or after the filing of the application. (Exhibit "E").

To date, the Relator has received no response from Respondent regarding Relator's request for transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals. Nor has Relator been notified of any resolutions to the trial court's designated issues.

As is clear from all of the Relator's motions and final letter, Relator has repeatedly put Respondent on notice that Relator seeks the resolving of the designated issues and the transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which the finding was made to the Court of Criminal Appeals and that such records are required by the Court of Criminal Appeals to act on Relator's writ of habeas corpus. Relator has gone well beyond any requirement or obligation imposed upon him by the T.C.C.P. In contrast to the

Relator's efforts, Respondent has wholly failed to comply with the T.C.C.P. Article 11.07, §3(c), is acting in bad faith, and has also failed to afford Relator the professional and common courtesy of any written response to his correspondence and motions.

Article 11.07, §3(c) clearly states that "[i]f the convicting court decides that there are no such issues, **the clerk shall immediately transmit** [emphasis added] to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding." T.C.C.P. Art. 11.07, §3(c). In this particular case, the court did make a finding of fact. However, it has been almost four (4) years since Relator has filed his original application and approaching two (2) years since he filed the amended application. Certainly time has passed for allowing the trial court to resolve Relator's issues, and Respondent is well past due in complying with Art. 11.07, §3(c). Respondent is in violation of this procedure, ministerial duties, and thus the laws of the State.

## IV.

## REQUEST FOR LIVE EVIDENTIARY HEARING

Relator has already submitted a motion for a "Live Plenary Evidentiary Hearing" on October 09, 2014 (Exhibit "C") which the trial court either failed to rule on or failed to provide Relator with a copy of its ruling. Therefore, Relator is requesting this Court either order the trial court to hold a Live Evidentiary Hearing and finally resolve Relator's issues (the court's findings of facts) or to hold its own Live Evidentiary Hearing once the Respondent complies with this Court's ruling and sends a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. The necessity for this Live Evidentiary Hearing is great because the convicting Judge (Joan Cambell) is no longer practicing at the 248th District Court. A new Judge, Kathrine Cabanis, is presiding and she is not familiar with the case or the finding of facts made by the previous judge.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Relator, Thomas E. McDonnel, pro se, respectfully requests a finding that the Respondent did not transmit the documents to the Court of Criminal Appeals within a reasonable time after the date they were required to, and requested to, and that the Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an ORDER directing the Respondent to transmit a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure and as requested in Relator's motions and letter previously sent to Respondent (Exhibits A through E). Further, Relator prays this Honorable Court to make and ORDER directing the trial court to hold a Live Evidentiary Hearing if this Court simply ORDERS for the trial court to resolve the findings of facts and issues. Or, conversely, Relator prays this Court to hold its own Live Evidentiary Hearing once the Respondent has complied with Article 11.07 Section 3(c).

Respectfully Submitted,

Thomas E. McDonnel
Relator, pro se

-5-

## UNSWORN DECLARATION

I, Thomas E. McDonnel, TDCJ-ID #1562227, presently incarcerated in the Wayne Scott Unit of the Texas Department of Criminal Justice in Brazoria County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct.

EXECUTED on this the 8th day of July, 2015.

Respectfully Submitted,

_Thomas E. McDonnel_
Thomas E. McDonnel
TDCJ-ID #1562227
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, TX 77515

Relator, pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Application for Writ of Mandamus was served on Chris Daniels by placing a copy in the U.S. Mail addressed to: Chris Daniels, Clerk of Court, 1201 Franklin St., Houston, Texas, 77002 on this the 8th day of July, 2015.

_Thomas E. McDonnel_
Relator

-6-

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

---

THOMAS E. McDONNEL
TDCJ-ID #1562227
RELATOR

v.

HARRIS COUNTY DISTRICT CLERK
CHRIS DANIEL
IN HIS OFFICIAL CAPACITY
RESPONDENT

---

## ORDER

On this day, came to be heard the foregoing Relator's Application for Writ of Mandamus and it appears to the Court that the same should be:

_____ GRANTED

IT IS THEREFORE ORDERED THAT the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made. And further, a Live Evidentiary Hearing shall be conducted due to the fact that the convicting judge is no longer present, but that a new judge is now presiding in the 248th District Court.

SIGNED on this the _____ day of _____, 2015.

_____
Presiding Judge

EXHIBIT "A"

- Motion: States Order to Comply -



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

January 17, 2012

THOMAS ELTON MCDONNEL
#1562227-WAYNE SCOTT UNIT
6999 RETRIEVE RD.
ANGLETON, TX 77515

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number **1131353-B** in the **248**[TH] District Court.

☐ State's Original Answer Filed

☐ Affidavit Filed

☐ Court Order Dated

☒ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☐ Respondent's Proposed Findings of Fact and Order Dated

☐ Other

Sincerely,

Daisy Molina, Deputy
Criminal Post Trial

Enclosure(s) – *RESPONDENT'S PROPOSED ORDER DESIGNATING ISSUE AND FOR FILING AFFIDAVIT*

Cause No. 1131353-XB

EX PARTE § IN THE 248th DISTRICT COURT

§ OF By_____

THOMAS ELTON MCDONNEL, § HARRIS COUNTY, TEXAS
Applicant

## STATE'S PROPOSED ORDER DESIGNATING ISSUE
## AND FOR FILING AFFIDAVIT

Having considered the application for writ of habeas corpus in the above-captioned cause

and the State's original answer, the Court finds that the issue of whether the applicant was denied

effective assistance of counsel still needs to be resolved in the present case.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the above-cited issue

and then enter findings of fact.

To assist the Court in resolving these factual issues, counsel Mary Moore is ORDERED

to file an affidavit summarizing her actions as counsel for the applicant in the primary case,

cause number 1131353, and specifically responding to the following:

1. Please outline how counsel investigated the applicant's case. Was the investigation
limited in any way? If so, please explain why.

2. Was counsel aware of the applicant's lack of a criminal background or prior arrest
history? Was there anything in particular about the applicant's lack of criminal
background or prior arrest history that counsel used at trial or believes would have
been beneficial and admissible at trial that she failed to employ at trial? If so, please
explain why.

3. Does counsel believe that she had a firm grasp of the facts surrounding the applicant's
case at the time of trial? Was counsel ready for trial?

4. Please indicate if the applicant brought any potential witnesses to the attention of
counsel that counsel chose not to interview. If there are any such witnesses, please
explain why no interview was conducted.

5. Was counsel aware of any witnesses that would have been beneficial or necessary to
the defense of the applicant that she failed to interview or call at trial? If so, please
explain why.

1

6. Please indicate the nature of any grievances that the applicant filed with the State Bar against counsel prior to trial, and please include copies of any such grievances or responses to such grievances that are available.

7. Does counsel believe that any grievances that the applicant filed with the State Bar affected her representation of him at trial in any way? If so, please explain how.

8. Please indicate whether counsel believes that any actual conflict of interest existed between herself and the applicant as a result of any grievances filed by the applicant with the State Bar.

9. Please indicate whether counsel felt it would have been beneficial or necessary to file a motion for discovery or a motion to suppress evidence in the applicant's case. Please explain why or why not.

Mary Moore is ordered to file said affidavit with the Appellate Division of the District Clerk's Office, 1201 Franklin, Third Floor, Houston, Texas 77002, within THIRTY DAYS of the signing of this Order.

The Clerk of the Court is **ORDERED** to send a copy of this Order to the applicant and to the State, and to serve copies of this Order, the application, and the memorandum supporting the application on attorney:

Mary Moore
1314 Texas St., Suite 1600
Houston, TX 77002

When the affidavit of Mary Moore is received, the Clerk is **ORDERED** to send a copy of said affidavit to the applicant, Thomas Elton McDonnel, #1562227 – Wayne Scott Unit, 6999 Retrieve Rd., Angleton, Texas 77515 and a copy to the attorney for the State, Kevin Keating, 1201 Franklin, Suite 600; Houston, Texas 77002.

2

(KPK)

Cause No. 1131353-~~A~~ B

| | | |
|---|---|---|
| EX PARTE | § | IN THE 248th DISTRICT COURT |
| | § | OF |
| THOMAS ELTON MCDONNEL, Applicant | § | HARRIS COUNTY, TEXAS |

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that I have served a copy of the "State's Proposed Order Designating Issue and for Filing Affidavit ~~Findings of Fact, Conclusions of Law, and Order~~" in cause number 1131353-B to the applicant

(KPK)

on January 10, 2012 by mail as follows:

Thomas Elton McDonnel
#1562227 – Wayne Scott Unit
6999 Retrieve Rd.
Angleton, Texas 77515

Kevin P. Keating
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar ID #00787813

FILED
Chris Daniel
District Clerk

JAN 1 0 2012

Time: _____
By _____
Harris County, Texas
Deputy

4

The Clerk of the Court is **ORDERED** <u>**NOT**</u> to transmit at this time any documents in the

above-styled case to the Court of Criminal Appeals until further ordered by this Court.

**By the following signature, the Court adopts**

**the State's Proposed Order for Filing Affidavit.**

Signed this _____ day of _____, 2011.



JAN 1 7 2012

_____
PRESIDING JUDGE

3

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office this

JAN 17 2017

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

EXHIBIT "B"

- Motion: To Compel Compliance -

Thomas E. McDonnel
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, TX 77515

April 1, 2013

Attorney General
Harris County Clerk
Attorney Moore


Re: Filing of Motion
    Cause: 1131353-B

Greetings,

Enclosed you will find the MOTION TO COMPEL COMPLIANCE WITH STATE'S PROPOSED ORDER DESIGNATING ISSUES AND ORDER FOR FILING AFFIDAVIT. Included is the Court's Copy, Clerk's Copy, Attorney Ms. Mary Moore Copy mailed to 1314 Texas Street, Ste. #1600 Houston, Texas 77002 and Attorney General Greg Abbot, Post Office Box 12548 Austin, Texas 78711-2548.

Enclosed you will also find my self addressed & stamped envelope for return of the filemark, date and stamped copy for my personal records in this action before the Court.

Thanking this Honorable Clerk's Office for your timely attention to this most important legal matter.


Respectfully Submitted,

*Thomas E. McDonnel*

Thomas Elton McDonnel
TDCJ-ID #1562227


cc: AG Greg Abbot
    Attry M. Moore

| THOMAS E. McDONELL | § | IN THE DISTRICT COURT |
|---|---|---|
| VS. | § | 248TH JUDICIAL DISTRICT |
| STATE OF TEXAS | § | HARRIS COUNTY, TEXAS |

## MOTION TO COMPEL COMPLIANCE WITH STATE'S PROPOSED ORDER DESIGNATING ISSUES AND ORDER FOR FILING AFFIDAVIT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Thomas E. McDonnell, hereinafter referred as Movant, proceeding in own behalf pro-se, pursuant to the Texas Code of Criminal Procedure, Article 11.07, § 3(d), in above listed cause and would therefore show this Honorable Court the following facts:

I.

Movant previously has filed a Texas Code of Criminal Procedure 11.07 Application for Writ of Habeas Corpus with this Court on the 7th day of September, 2012. This Court issued State's Proposed Order Designating Issue And For Filing Affidavit from Mary Moore whom previously represented movant in this Trial Court as his attorney. This Order contained issues of fact and was certified on Jan 17,12. Copies were mailed by this Court's Clerk pursuant to rule going unanswered by said attorney indefinitely.

II.

Movant did, after said delay in answer from Mary Moore, file a Motion To Compel Compliance With Court Order on the 29th of November 2012 and placed into the unit United States Mailbox with proper certificate of service dated and signed by movant. Said motion did contain movant's filemark copy with sef addressed and stamped envelope for return to movant. Movant never received said filemark copy from this Court's Honorable Clerk's Office. It is now been

(1 of 3)

approximately six months with no reply from Mary Moore.

                                    III.

    Movant requests that upon attorney Mary Moore's compliance to
State's Proposed Order Designating Issue And For Filing Affidavit
is received by this Honorable Court and Clerk's Office that a com-
plete copy of said answer be forwarded to movant/applicant.

                                   PRAYER

WHEREFORE, PREMISES CONSIDERED, movant prays that this Honorable
Court will demand compliance with its ORDER previously issued and
with all things considered in the interest of justice and grant
this pleading.


                                    Respectfully Submitted,


                                    _____
                                    Thomas E. McDonnel, prose
                                    Wayne Scott Unit
                                    6999 Retrieve Road
                                    Angleton, Texas  77515

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY, that on this 1 day of April 2012, a true and correct copy of this above and foregoing MOTION TO COMPEL COMPLIANCE WITH STATE'S PROPOSED ORDER DESIGNATING ISSUES AND ORDER FOR FILING AFFIDAVIT was placed into the Texas Department of Criminal Justice - Institutional Division Wayne Scott Unit internal United States Mail System out-going-box, with proper postage attached, for delivery to the Harris County Criminal Judicial District Clerk's Office at Post Office Box 4651 Houston, Texas 77210 - 4651, as well as copy to attorney Ms. Mary Moore at 1314 Texas Street in Suite #1600 Houston, Texas 77002.

Respectfully Certified,

Thomas Elton McDonnel
Wayne Scott Unit
6999 Retrieve Road
Angleton, Texas 77515



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

October 28, 2013

THOMAS ELTON MCDONNEL # 1562227
WAYNE SCOTT UNIT
6999 RETRIEVE RD
ANGLETON, TX 77515

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 1131353-B in the 248th District Court.

☐ State's Original Answer Filed ,

☐ Affidavit ,

☒ Court Order Dated October 25, 2013

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☐ Respondent's Proposed Findings of Fact and Order ,

☐ Other

Sincerely

Roxana Garcia, Deputy
Criminal Post Trial

rg

Enclosure(s) – AMENDED ORDER TO FILE AFFIDAVIT FOR MS. MARY MOORE



Cause No. 1131353-B

EX PARTE                                        §         IN THE 248th DISTRICT COURT

                                                §         OF

THOMAS ELTON MCDONNELL                          §         HARRIS COUNTY, TEXAS
Applicant

## AMENDED STATE'S PROPOSED ORDER DESIGNATING ISSUE
## AND FOR FILING AFFIDAVIT

Having considered the application and supplement application for writ of habeas corpus in

the above-captioned cause and the State's original answer, the Court finds that the issue of whether

the applicant was denied effective assistance of counsel still needs to be resolved in the present

case.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the above-cited issue

and then enter findings of fact.

To assist the Court in resolving these factual issues, counsel Mary Moore is ORDERED

to file an affidavit summarizing her actions as counsel for the applicant in the primary case,

cause number 1131353, and specifically responding to the following:

1. Please outline how counsel investigated the applicant's case. Was the investigation
   limited in any way? If so, please explain why.

2. Was counsel aware of the applicant's lack of a criminal background or prior arrest
   history? Was there anything in particular about the applicant's lack of criminal
   background or prior arrest history that counsel used at trial or believes would have
   been beneficial and admissible at trial that she failed to employ at trial? If so, please
   explain why.

3. Does counsel believe that she had a firm grasp of the facts surrounding the applicant's
   case at the time of trial? Was counsel ready for trial?

4. Please indicate if the applicant brought any potential witnesses to the attention of
   counsel that counsel chose not to interview. If there are any such witnesses, please
   explain why no interview was conducted.

1

5. Was counsel aware of any witnesses that would have been beneficial or necessary to the defense of the applicant that she failed to interview or call at trial? If so, please explain why.

6. Please indicate the nature of any grievances that the applicant filed with the State Bar against counsel prior to trial, and please include copies of any such grievances or responses to such grievances that are available.

7. Does counsel believe that any grievances that the applicant filed with the State Bar affected her representation of him at trial in any way? If so, please explain how.

8. Please indicate whether counsel believes that any actual conflict of interest existed between herself and the applicant as a result of any grievances filed by the applicant with the State Bar.

9. Please indicate whether counsel felt it would have been beneficial or necessary to file a motion for discovery or a motion to suppress evidence in the applicant's case. Please explain why or why not.

10. Please indicate whether counsel "opened the door" to Applicant's extraneous offense on cross-examination of the State's witnesses. If so, please state counsel's trial strategy for "opening the door" to Applicant's extraneous offense.

11. Please indicate whether the State commented on applicant's failure to testify during closing argument. If the State commented on applicant's failure to testify during closing argument, did counsel object and preserve the issue for appeal? If the State commented on applicant's failure to testify during closing argument and counsel did not object and preserve the issue for appeal, please state counsel's strategic reasons for doing so.

Mary Moore is ordered to file said affidavit with the Appellate Division of the District Clerk's Office, 1201 Franklin, Third Floor, Houston, Texas 77002, within THIRTY DAYS of the signing of this Order.

The Clerk of the Court is **ORDERED** to send a copy of this Order to the applicant and to the State, and to serve copies of this Order, the application, and the memorandum supporting the application on attorney:

Mary Moore
1314 Texas St., Suite 1600
Houston, TX 77002

2

When the affidavit of Mary Moore is received, the Clerk is **ORDERED** to send a copy of said affidavit to the applicant, Thomas Elton McDonnel, #1562227 – Wayne Scott Unit, 6999 Retrieve Rd., Angleton, Texas 77515 and a copy to the attorney for the State, Aimee Bolletino, 1201 Franklin, Suite 600; Houston, Texas 77002.

The Clerk of the Court is **ORDERED NOT** to transmit at this time any documents in the above-styled case to the Court of Criminal Appeals until further ordered by this Court.

**By the following signature, the Court adopts**

**the State's Proposed Order for Filing Affidavit.**

Signed this _____ day of _____ 2011.

OCT 25 2013

_____
PRESIDING JUDGE

3

Cause No. 1131353-B

EX PARTE § IN THE 248th DISTRICT COURT

§ OF

THOMAS ELTON MCDONNEL, § HARRIS COUNTY, TEXAS
  Applicant

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that I have served a copy of the "State's Proposed Order Designating Issue and for Affidavit" in cause number 1131353-B to the applicant on September 30, 2013 by mail as follows:

Thomas Elton McDonnel
#1562227 – Wayne Scott Unit
6999 Retrieve Rd.
Angleton, Texas 77515

Aimee Bolletino
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar ID #24056717



4

EXHIBIT "C"

- Motion: For a Live Plenary Evidentiary Hearing -

CAUSE NUMBER
1131353-B

EX PARTE                          §        IN THE 248TH DISTRICT
THOMAS E. McDONNEL                §             COURT OF
        Applicant                §        HARRIS COUNTY, TEXAS


APPLICANT'S MOTION FOR A LIVE PLENARY
EVIDENTIARY HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Thomas E. McDonnel, Petitioner prose in the above numbered and styled cause and files this motion for a Live Plenary Evidentiary Hearing and Bench Warrant, pursuant to art. 11.07 of the Tex.Code. Crim. Proc. and will show the Court as followed:

I.

A. Petitioner

1.01   Thomas E. McDonnel, TDCJ-ID #1562227, is an offender incarcerated in the Texas Dept. of Crim. Justice (TDCJ) and is prose, who can be located at the Wayne Scott Unit, 6999 Retrieve Rd., CR 290, Angleton, Texas 77515.

1.02   Petitioner has repeatedly petitioned this Court to act on Petitioner's 11.07. Petitioner requests the Court to take judicial notice of the District Clerks file on the above cause number and obtain motions and inquiries asking that the issues be resolved.

1.03   The previous presiding judge, Judge Cambell, did in fact order the Court Clerk not to transmit any documents in the above styled case until further notice due to the fact that there were issues to be resolved by this said Court.

1.04   The defense counsel, Attorney Mary Moore, was issued a notice to answer by affidavit the questions set forth in the Petitioner's 11.07 Writ of Habeas Corpus. The defense attorney has been issued several notices to answer the aforementioned affidavit. To this date the Petitioner has not received a copy of the affidavit nor has any of the documents been transmitted to the Court

-1-

of Criminal Appeals. If these above styled documents had been transmitted to the Court of Criminal Appeals, the Petitioner would have been notified.

The State, Federal and Supreme Court case law mandates that when an applicant files a collateral attack on his criminal conviction, the initial task is to determine whether his allegations if proven would establish the right to Habeas relief. If so proven, he is entitled to an evidentiary hearing to further develop the factual basis with facts outside the record. Ex Parte Reyna, 702 S.W.2d 921 (Tx.Crim.App.1986); Streetman v. Lynaugh, 812 F.2d 950 (5th Cir.); Townsend v. Sain, 372 U.S. 298, 307, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

## II.

Applicant asserts (inter alia) constitutional ineffectiveness of trial counsel, prosecutorial misconduct, and error of the trial court. In seeking the instant Live Plenary Evidentiary Hearing to prove these assertions, Applicant has need to develop facts that are presently outside the record. It will be impossible for this Honorable Court to adequately determine the merits of Applicant's claim without further development of these facts that are outside the record. The need to fully develop the record is of the utmost importance because the Court of Criminal Appeals will be limited to the record as it was developed within the trial court. Galvin v. State, 869 S.W.2d 526, 527-29 (Tx.App. - Corpus Christi 1993). As the record now stands, it is totally inadequate for the Court to perform its required duty.

## III.

Inordinate Delay:

1.01 The Court, the District Attorney, and the Petitioner's defense counsel, Mary Moore, have wholly failed to comply with article 11.07 of the Tex.Code Crim.Proc., are acting in bad faith and have not afforded Petitioner with professional and common courtesy at resolving these issues in Petitioner's 11.07 as so order-

-2-

ed by the previous judge.

1.02 Wilwording v. Swenson, 92 S.Ct. 487 at 249-250 (rejecting suggestion that State prisoner should have invoked any other possible alternative to state habeas including a suit for injunction, a writ of prohibition, or mandamus or declaratory judgment in State's court or perhaps other relief under State Administration Procedure Act.). In Turner v. Bagley, 401 F.3d 718 (6th Cir. 2005) 28 U.S.C. 2243 confers Federal Courts with the discretion to dispose of Habeas Corpus matters and tailor remedies as law and justice requires.

## CONCLUSION

The Petitioner has shown this Court that under the Sixth Amendment of the United States COnstitution he has been denied the right to effective assistance of counsel as well as due process of law. The District Court has denied Petitioner due process of law by delaying to rule on his 11.07 Writ of Habeas Corpus. As a prose litigant, Petitioner respectfully asks this Honorable Court to grant his motion for A Live Plenary Evidentiary Hearing.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Motion will be granted, a bench warrant issued, and a ruling be issued that have been filed in the cause number and grant Petitioner any other or additional relief he is justly entitled to, it is so prayed.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing instrument was served to the District Court Clerk by placing a copy in the U.S. mail addressed to:

Harris County Courthouse
248th District Court
1201 Franklin St., 16th Floor
Houston, Texas 77002

EXECUTED on the _____ day of _____ 2014.

Thomas E. McDonnel
#1562227
Wayne Scott Unit
6999 Retrieve Rd., CR 290
Angleton, Texas 77515

Respectfully Submitted,

Thomas E. McDonnel

-4-

EXHIBIT "D"

- Motion: To Have Previous Motions Ruled On -

Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210-4651     113/353-B

November    , 2104

RE: Motion Pursuant to Federal Rules of Civil Procedure Rule 72.
    To have motions ruled on:

"Chris Daniel"

Dear Sir:

    I have enclosed a motion for ruling according to Fed. Rules of
Civil Proc. Rule 72, for filing with your office and also to be
considered by the 248th Judicial District Court Judge Katherine
Cabanis presiding. I have a self-addressed stamped envelope to be
returned unto me with this coverletter, requesting that you please
file date stamp it and return to me using said envelope showing that
this motion was presented to said Court and Judge presiding.

    Your cooperation, time and patience is greatly appreciated.
Thank you.


Thomas E. McDonnel #1562227
Wayne Scott Unit                         Respectfully Submitted,
6999 Retrieve Rd.
Angleton, Texas    77515                 _Thomas E. McDonnel_
                                         Thomas E. McDonnel

                                         Date: November    ,2014


C/C
    Filed:

Cause Nos. <u>113153-B</u> & _____  113/353B

2014 NOV 17 AM 8:53
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS
FILED

| Ex Parte | § | IN THE 248th JUDICIAL |
|---|---|---|
| Thomas E. McDonnel | § | DISTRICT COURT OF |
| | § | HARRIS COUNTY, TEXAS |

<u>PLAINTIFF MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES</u>
<u>RULE 72. TO HAVE HIS NUMEROUS PENDING MOTIONS RULED ON:</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Thomas E. McDonnel, Plaintiff herein, proceeding Pro se and in support of this motion will show this Honorable Court the following:

I.

Plaintiff is entitled to have motions ruled on that are not dispositive of the entire Cause of Action. See Fed. R. Civ. Rule 72; "Non-dispositive Matters. When a pretrial matter not dispositive of a parties claim or defense is referred to a trial Judge to hear and decide, the trial Judge <u>must</u> promptly conduct the required proceedings and when appropriate, issue a written order stating the decision. A party may serve and file objections within 10 days after being served with a copy."

II.

Plaintiff has the following motions pending for which he is now seeking a ruling:

1.) Plaintiff's Application of Writ of Habeas Corpus Cause No. 113153-B wherefore Assistant District Attorney for Harris County and said Court designated issues on the date of February 14, 2011. "Applicant was denied the effective assistance of counsel." Controverted previously unresolved facts material to the legality of Applicant's confinement and needs to be resolved.

2.) Plaintiff's motion for a Live Plenary Evidentiary Hearing, filed on October 9, 2014.

-1-



PRAYER:

   WHEREFORE, premises considered, Plaintiff prays that this motion will be granted and thereafter a ruling be issued on each motion that has been filed in these causes, and grant Plaintiff any other or additional relief he is justly entitled to, it is so prayed.

CERTIFICATE OF SERVICE:

   Service has been accomplished by mailing a true and correct copy of the following forgoing instrument to the following address:

Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210-4651

   Executed on this day of __14__ November 2014, under both Federal Law (28 U.S.C. §1746) and State Law (V.A.C.C. Proc. & Remedies Code §132.001-132.003).

Respectfully Submitted,

Thomas E. McDonnel
TDCJ-ID #1562227
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, Texas 77515

-2-

EXHIBIT "E"

- Letter: Inquiry and Notice to File Mandamus -

June 17, 2015


Harris County Courthouse
Clerk of Court - Chris Daniels
1201 Franklin St.
Houston, TX 77002


RE: Writ of Habeas Corpus Application
    Cause No. 1131353-B


Dear Honorable Clerk Daniels:

    I am writing to you because you have not complied with Article
11.07, §3(c) of the Texas Code of Criminal Procedure. On August 31,
2011, I filed my original 11.07 Writ of Habeas Corpus Application.
The Court designated issues, but then I did not hear anything after
that. So, on January 10, 2012 I filed a "State's Order to Comply"
motion with the court. Then on April 1, 2013 I filed a motion "To
Compel Compliance" with the Court. I then filed an Amended 11.07
Writ of Habeas Corpus with the Court on 09-25-2013. On October 9,
2014 I filed a motion "For a Live Plenary Evidentiary Hearing". And
finally on November 17, 2014 I filed a motion "To Have Previous
Motions Ruled On".

    To this date, my motions have not been ruled on (if they have
then I have not been provided with a copy of the ruling) and my
11.07 Writ of Habeas Corpus Application has not been forwarded to
the Court of Criminal Appeals.

    Per TCCP 11.07, §3(c), you are required to immediately trans-
mit to the Court of Criminal Appeals a copy of the application, any
answers filed, and a certificate reciting the date upon which that
finding was made, if the convicting court decided that there were
no issues to be resolved. In my case, there were issues designated
to be resolved. In that case, I believe you are given 180 days to
resolve the issues and if you (the Court) has not, then you, Clerk
Daniels, are required to immedicately send the above listed items
to the Court of Criminal Appeals. You have failed to do this. Since
my original Application was mailed to you, it has been almost four
(4) years and since the Amended Application was sent it has been
just over one and a half years. It is beyond time to send every-
thing to the Court of Criminal Appeals. It is to the point now where
you are acting in bad faith.

    This letter is to serve two purposes. The first, is to request
one last time for you to fulfill your duty as the Harris County
Clerk, and mail my 11.07 Application, any answers filed, the cert-
ificate reciting the date upon which the findings were made, exhibits,
and reason for untimely delay in doing so to the Court of Criminal
Appeals. The second purpose, is to inform you that I will be filing

a Writ of Mandamus to the Court of Criminal Appeals if I do not receive notice from them within 14 business days of this letter that you have transmitted to them all the appropriate documents.

It is my understanding that the convicting Judge, Judge Cambell, is no longer there and that Honorable Judge Kathrine Cabanis is the sitting judge at this time. It was for this very reason that I submitted my motion for a Live Plenary Evidentiary Hearing.

I have enclosed a SASE for the purpose of sending me a file marked/date stamped copy to me showing your receipt of this letter and notice of intent to file a mandamus. Also enclosed, inside the SASE, is the first page copy of this letter for you to use in file marking/date stamping. I appreciate your timely response to this matter and pray that you will follow the rules provided in TCCP, 11.07, §3(c). Thank you.

Sincerely,

Thomas E. McDonnel
TDCJ-ID #1562227
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, TX 77515

Thomas McDonnel #1562227
Wayne Scott Unit
6999 Retrieve Rd
Angleton, Texas 77515

{ Legal }
{ Corrospondence }
{ Confidential }

Court Of (
P.O. Box .
Austin . 7